Steve **JENKINS**, et al., Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 09–241L.

United States Court of Federal Claims.

Nov. 13, 2009.

---

Thomas Scott Stewart, Baker, Sterchi, et al., Kansas City, MO, for Plaintiffs.

Frank James Singer, U.S. Dept. of Justice, Washington, D.C., for Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION

WILLIAMS, Judge.

This Rails–to–Trails action comes before the Court on Plaintiffs' motion to certify this matter as a class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). Recognizing that the parties agree on all matters regarding class certification with the exception of the notice period, and the requisites for certification having been met, the Court grants Plaintiffs' motion for class certification.

### Background

Plaintiffs submit that on October 25, 2004, each putative class member owned fee title to real estate located in Dallas County, Iowa, that underlies or abuts 28.1 miles of an allegedly abandoned [1] railroad right-of-way known as the Perry Subdivision. The Perry subdivision extends from milepost 296.8 near Waukee, Iowa, to milepost 275.9 (equation milepost 275.9 = 361.8) near Perry, Iowa, and from milepost 361.8 to milepost 369.0 near Dawson, Iowa. Pl.'s First Amended Complaint 2; Pl.'s Memorandum in Support of Motion to Certify Class Action ("Pl.'s Memo.") 1–2.

Plaintiffs allege that the government effected a Fifth Amendment taking of this land by the conversion of the right-of-way to a public use trail pursuant to the National Trails System Act, 16 U.S.C. § 1247 ("Trails Act") and a Notice of Interim Trail Use ("NITU") issued by the Surface Transportation Board ("STB") on October 25, 2004. Pl.'s Memo. 1–2. In addition, the parties request that this Court designate the named Plaintiffs, Steve Jenkins, Donald E. Burg, and Darla Pollock, as the class representatives. Joint Prop. Concerning Class Cert. 3.

### Discussion

This Court will only certify a class action where the prerequisites of RCFC 23 have been met. This Court's rules permit only opt-in classes. See, e.g., RCFC 23 Committee Notes to 2002 Revision.

### The Prerequisites of Rule 23(a) are Satisfied Here

Rule 23(a) sets out the prerequisites to a class action as follows:

**Prerequisites.** One or more members of a class may sue as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

■ RCFC 23(a). Plaintiffs must show by a preponderance of the evidence that the class can be certified under RCFC Rule 23. Fauvergue v. United States, 86 Fed.Cl. 82, 95–96 (2009), appeal docketed, No. 09–5048 (Fed.Cir. Mar. 10, 2009). As discussed below, each of these elements has been met here.

■ First, this potential class "is so numerous that joinder of all members is impracticable," meeting the requirements of RCFC 23(a)(1). Plaintiffs estimate that there are over 200 individuals or entities who owned property abutting or underlying the subject railroad right-of-way on October 25, 2004, based on an initial review of the records of the Dallas County Tax Assessor and Record of Deeds. This number of potential class members satisfies the numerosity requirement of Rule 23(a)(1). See King v. United States, 84 Fed.Cl. 120, 124 (2008) ("Generally, if there are more than forty potential class members, this prong has been met.") (citing Stewart v. Abraham, 275 F.3d 220, 226–27 (3d Cir.2001)).

---

**1.** Plaintiffs allege that Union Pacific "filed a petition for exemption to abandon" the Perry Subdivision with the Surface Transportation Board on July 7, 2004. Pl.'s Memo. 2.

■ Second, class certification is appropriate only when there are questions of law or fact common to the class. *See* RCFC 23(a)(2). The "core common legal question" in this case is whether the Plaintiffs' property was taken when the STB issued the NITU on October 25, 2004, resulting in a violation of the Fifth Amendment. *See Fauvergue*, 86 Fed.Cl. at 99; *King*, 84 Fed.Cl. at 125–26. The primary question of law, therefore, is common to all class members. The Court recognizes that there may be other sub-issues in dispute, including: (1) the actual ownership of the property on October 25, 2004; (2) the nature of the property interest held by the Union Pacific Railroad Company ("Union Pacific") at the time the NITU was issued; and (3) the effect of any alleged abandonment of the right-of-way by Union Pacific under Iowa law. However, the latter two of these sub-issues are common to the class, and any plaintiff-specific determinations required to measure individual damages are insufficient alone to defeat class certification. *Fauvergue*, 86 Fed.Cl. at 100 (citations omitted). Therefore, the commonality requirement of Rule 23(a)(2) is satisfied.

■ Third, the Court may grant a motion for class certification only if the claims of the representative parties are typical of the claims of the class. *See* RCFC 23(a)(3). Here, the named Plaintiffs and putative class members allege identical legal claims. Specifically, the representative parties allege that the STB's issuance of the October 25, 2004, NITU effected a taking of their property in violation of the Fifth Amendment to the United States Constitution. Although there may be differences in the existence and extent of the property holdings of the various class members, the Court is satisfied that the claims of the representative parties are typical of the claims of the class.

Fourth, class certification is permitted only if the Court is satisfied that the representative parties will fairly and adequately protect the interests of the class. *See* RCFC 23(a)(4). Plaintiffs aver that there are no conflicts of interest between the named Plaintiffs and putative class members. Pl. Memo. 13. Therefore, the Court finds that the named Plaintiffs will fairly and adequately protect the interests of the class without a conflict of interest.

### The Requirements of Rule 23(b) are Satisfied Here

In addition to satisfying the prerequisites set forth in Rule 23(a), Plaintiffs must also meet the requirements of Rule 23(b). Rule 23(b) provides:

**Class Actions Maintainable.** A class action may be maintained if RCFC 23(a) is satisfied and if:

. . .

(2) the United States has acted or refused to act on grounds generally applicable to the class; and

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by class members;

. . .

(D) the likely difficulties in managing a class action.

■ Here, the Court finds that the United States acted on "grounds generally applicable" to the putative class because Plaintiffs' claims, like those of the putative class members, hinge on the STB's issuance of the NITU. In addition, the Court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members and that a class action will be a superior method of resolving this controversy. The superiority requirement is met where " 'a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.' " *Barnes v. United States*, 68 Fed.Cl. 492, 499 (2005) (quoting Fed.R.Civ.P. 23 Advisory

Committee Notes (1966 amendment)). Because the putative class is at least 200 individuals or entities, class certification is the superior method of adjudicating their claims. Additionally, because there is no evidence that any class member's claim is adverse to another's, procedural fairness will be maintained.

In accordance with RCFC 23(c)(1)(B), if the Court grants class certification, it must "define the class and the class claims, issues, or defenses, and must appoint class counsel under RCFC 23(g)."

### Definition of the Class

The class shall consist of, subject to the below exclusions, all persons who:

(1) on October 25, 2004, owned an interest in property abutting or underlying the railroad corridor or right-of-way that is locally known as the Perry Subdivision in Dallas County, Iowa, located between milepost 296.8 near Waukee, Iowa to milepost 275.9 (equation milepost 275.9 = milepost 361.8) near Perry, Iowa, and from milepost 361.8 to milepost 369.0 near Dawson, Iowa, and on which a rail line was formerly operated by the Union Pacific;

(2) claim a taking of their rights to possession, control, and enjoyment of such lands as a result of the STB's issuance of the Notice of Interim Trail Use on October 25, 2004, pursuant to the National Trails System Act ("Trails Act"), 16 U.S.C. § 1247(d) and its implementing regulations; and

(3) affirmatively opt in to this lawsuit prior to April 16, 2010.

Excluded from this Class are:

(1) owners of property that abuts one or more segments of the Perry Subdivision right-of-way that Union Pacific acquired in fee simple;

(2) railroad companies and their successors-in-interest;

(3) persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for just compensation for the same interests in land; and

(4) persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

### Definition of the Class Claims

The class claims a violation of the Fifth Amendment to the United States Constitution resulting from the STB's issuance of the October 25, 2004 NITU. The class seeks a monetary judgment representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages, delay damages, interest, and costs and attorneys' fees incurred by Plaintiffs and the class.

This Court has jurisdiction over claims for "just compensation" founded upon the Takings Clause of the Fifth Amendment under the Tucker Act, 28 U.S.C. § 1491. *Moden v. United States*, 404 F.3d 1335, 1341 (Fed.Cir. 2005).

### Identification of Class Issues

The principal legal issue in this case is whether the STB's issuance of the NITU on October 25, 2004, resulted in a taking under the Fifth Amendment, requiring the United States to pay just compensation. In order to address this primary legal issue, the parties will have to address several sub-issues, including:

(1) Did the class member own a compensable property interest under Iowa law on October 25, 2004?

(2) What was the nature of the property interest in the subject railroad line segments held by Union Pacific on October 25, 2004?

(3) If the government's actions constituted a taking, what is the amount of just compensation due each landowner?

### Identification of Potential Defenses

The United States' defenses may include, among others, that some or all of the class members did not own an interest in the subject property under Iowa law on October 25, 2004.

### Appointment of Counsel

Under RCFC 23(g)(1), this Court is required to appoint class counsel when it certifies a class action. To serve as class counsel, an attorney must be able to fairly and adequately represent the interests of

the class. RCFC 23(g)(1)(B). In appointing class counsel, the Court must evaluate: (1) the work the potential class counsel has done in identifying or investigating potential claims in the action; (2) the potential class counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) the potential class counsel's knowledge of the applicable law; and (4) the resources the potential class counsel will commit to representing the class. RCFC 23(g)(1). Plaintiffs must also show that no class member has an interest antagonistic to another member. *Fauvergue*, 86 Fed.Cl. at 100 (citations omitted).

This Court finds that Plaintiff's counsel— Brent Baldwin, Thomas S. Stewart, Steven M. Wald, Robert Sears and Elizabeth McCulley, all of the law firm of Baker Sterchi Cowden & Rice, L.L.C. in St. Louis and Kansas City, Missouri—satisfy the requirements to serve as class counsel under RCFC 23(g). Counsel have already conducted significant work regarding the claims at issue. A review of their qualifications demonstrates that they have the necessary experience and knowledge of the applicable law to act as class counsel. Furthermore, the Court has no reason to doubt that Plaintiffs' counsel, along with their firm, have the necessary resources to devote to this class. As such, the Court appoints Messrs. Baldwin, Stewart, Wald, and Sears, and Ms. McCulley, to be class counsel for this action.

Finally, no conflicts of interest appear on the facts alleged by Plaintiff that could adversely affect other class members. The listed attorneys possess the competency and resources to adequately represent the proposed class, and no conflicts of interest preclude their representation. Therefore, Plaintiffs' counsel satisfy the requirements to serve as class counsel under RCFC 23(g).

### Approval of Notice

Under RCFC 23(c)(2)(B), the Court must approve the form of notice to be given to the putative class members. On October 2, 2009, the parties provided the Court with a joint proposed plan to provide notice to the opt-in class, including a Proposed Notice of Opportunity to Participate in Class Action and Enrollment forms. *See* Joint Prop. Concerning Class Cert. Ex. B, C. The proposed notice clearly and concisely states in plain language: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will include in the class any member who requests inclusion; (6) the time and manner for requesting inclusion; and (7) the binding effect of a class judgment on members pursuant to Rule 23(c)(3). *See* RCFC 23(c)(2)(B). Thus, the proposed notice, plan, and forms satisfy the requirements of the rules and are approved.

Plaintiffs' counsel shall mail the Notice and Enrollment Forms to potential class members. Promptly following such mailing, Plaintiffs' counsel shall file with the Court a declaration certifying that the Notice and Enrollment Forms were mailed and the date of mailing.

### Schedule

Defendant asserts that the enrollment period for potential class members should remain open until January 15, 2010, or 90 days from the date of mailing of the Notice and Enrollment forms, whichever is longer. Joint Prop. Concerning Class Cert. 5–6; Ex. A at 6. Defendant's position is that three months is sufficient time for potential class members to decide whether they want to participate in this lawsuit. Joint Prop. Concerning Class Cert. 6 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993) (approving notice mailed 31 days before the deadline for written objection and 45 days before fairness hearing on class action settlement); *United Founders Life Ins. Co. v. Consumers Nat'l Life Ins. Co.*, 447 F.2d 647, 652 (7th Cir.1971) (holding adequate time was provided when notice of class settlement was mailed on May 28 and fairness hearing was held on June 22)). Defendant argues that a long notice period is inefficient and allows unnecessary costs to accrue in this case, and notes that Plaintiffs are seeking interest on any award as well as attorneys fees. *Id.*

Plaintiffs originally proposed an enrollment period that would span nearly six

months, from March 15, 2010, until September 1, 2010, in order to accommodate the large number of potential class members. Plaintiffs reasoned that the March 15, 2009 start date would provide ample time for Plaintiffs to verify potential class members and their current mailing addresses. Joint Prop. Concerning Class Cert. 4. Plaintiffs have now verified the potential class members, and therefore propose a December 7, 2009 start date. In an effort to reach a compromise, Plaintiffs have also proposed a shorter Notice period of just over four months, suggesting a closing date of April 16, 2010. Plaintiffs point to other pending Rails–to–Trails cases in this Court with similar or longer notice periods. Pl. Am. Position in Joint Prop. Concerning Class Cert. 3–4 (citing *Asmussen v. United States*, No. 1:09–cv–00129–MBH (Fed.Cl. Sept. 18, 2009) (ordering a five month notice period); *Gregory v. United States*, No. 1:09–cv–00114–TCW (Fed.Cl. Oct. 5, 2009) (ordering a four month notice period)).

This Court finds that Plaintiffs' amended proposal adequately addresses Defendant's cost and efficiency concerns. The enrollment period will commence on December 7, 2009, and remain open until April 16, 2010. On April 23, 2010, Plaintiffs' counsel will file with the Court a list (1) identifying those parties who enrolled in the class action, and (2) certifying that Plaintiffs' counsel received a completed Enrollment Form for each identified party. On June 25, 2010, the parties will submit a joint status report with a proposed discovery plan and mechanism whereby the claims of those parties who enroll in the class are will be verified.

### Conclusion

Plaintiffs' Motion for Class Certification is **GRANTED.** Identification, notification, and closing of the class shall proceed in accordance with RCFC 23(c)(1)(C)(2)(B) and the schedule set forth above.