**Lisa ADAMS, et al., on behalf of themselves and all others similarly situated, Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 10–60C.**

United States Court of Federal Claims.

Oct. 11, 2012.

Ira M. Lechner, Katz & Ranzman, P.C., Washington, D.C., Counsel for Plaintiffs.

Hillary Adrienne Stern, United States Department of Justice, Civil Division, Counsel for Defendant.

## FINAL MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

This class action is before the court on Plaintiffs' September 26, 2012 Unopposed Motion For Settlement Final Approval pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC 23(e)"). For the reasons that follow, the court grants this motion.

Plaintiffs filed an initial Class Action Complaint ("Compl.") on January 29, 2010, alleging that since January 1, 2004, Plaintiffs, and those similarly situated, were deprived of "regular and customary Saturday premium pay while on authorized and accrued leave [with pay]," to which they were entitled, pursuant to 38 U.S.C. § 7453 or § 7454. Compl. ¶¶ 33–34. On June 11, 2010, the court issued a Memorandum Opinion And Order granting class certification. *See Adams v. United States*, 93 Fed.Cl. 563, 578 (2010) ("*Adams I*").

On September 29, 2010, Plaintiffs filed a Motion For Partial Summary Judgment As To Liability. On November 22, 2010, the Government filed a Cross–Motion For Summary Judgment. On June 30, 2011, after supplemental briefing, the court issued a Memorandum Opinion And Order granting Plaintiffs' September 29, 2010 Motion For Partial Summary Judgment and denying the Government's November 22, 2010 Cross–Motion For Summary Judgment. *See Adams v. United States*, 99 Fed.Cl. 700, 706 (2011) ("*Adams II*") (holding that Plaintiffs were entitled to "premium pay" in addition to their basic pay even when they elected to use authorized accrued "leave with pay" on Saturdays).

Settlement discussions took place over the next fourteen months. On August 14, 2012, Plaintiffs filed an Unopposed Motion As To The Date Of The Fairness Hearing; Approval Of Notice Of Settlement By Postcard; And Proposed Schedule For The Approval Of Settlement Process ("8/14/2012 Pl. Sched. Mot."). A settlement agreement ("Settlement Agreement"), attached to this motion as Exhibit 1, required the Government to pay $4,929,882.00, inclusive of interest, to be proportionately divided among the eligible opt-in Plaintiffs. On August 15, 2012, the court granted this motion, approving the proposed Notice Of Settlement and scheduling a "fairness hearing."

On August 14, 2012, Plaintiffs also filed an Unopposed Motion For Attorneys' Fees, Nontaxable Costs, And Expenses Of Administration From The Class Settlement Fund ("Pl. Fee Mot."). This motion calls for an award, taken entirely from the Class Settlement Fund, of $1,478,964.60 for attorneys' fees, $40,930.71 as reimbursable non-taxable costs, and $71,841.42 to be paid to Epiq Systems, Inc. for fees and expenses as Class Action Administrator. Pl. Fee Mot. at 1.

Following notice of the settlement, no objections were filed by the September 20, 2012 postmarking deadline. On September 26, 2012, Plaintiffs filed an Unopposed Motion For Settlement Final Approval. On October 3, 2012, the court held a "fairness hearing," pursuant to RCFC 23(e)(2), to determine whether the court should grant final approval of the Settlement Agreement and of Plaintiffs' claim for attorneys' fees, attorneys' reimbursable nontaxable costs, and the costs of administration.

Under RCFC 23(e), "the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The legal standard for such a settlement is that it must be "fair, reasonable and adequate." *Berkley v. United States*, 59 Fed.Cl. 675, 681 (2004). Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness determination. *Id.* The

court has discretion either to accept or reject a proposed settlement. *Id.* The court, however, may not alter the terms of a proposed settlement. *See Evans v. Jeff D.,* 475 U.S. 717, 726–27, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (noting that "Rule 23(e) [of the Federal Rules of Civil Procedure] does not give the court the power, in advance of trial, to modify a proposed consent decree and order its acceptance over either party's objection."). In addition, although the court must assess the strengths and weaknesses of the parties' positions, it may not "decide the merits of the case or resolve unsettled legal questions." *Nat'l Treasury Employees Union v. United States,* 54 Fed.Cl. 791, 797 (2002) (citing *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981)).

The court has considered the following factors: "(i) the relative strengths of plaintiff's case compared to the proposed settlement; (ii) the recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsels' representation of the class; (iii) the reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms; (iv) the fairness of the settlement to the entire class; (v) the fairness of the provision for attorney fees; and (vi) the ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or a private entity." *Sabo v. United States,* 102 Fed.Cl. 619, 627 (2011); *Barnes v. United States,* 2010 WL 1904503 at *2 (Fed. Cl.2010); *see also Dauphin Island Prop. Owners Ass'n,* 90 Fed.Cl. 95, 102–03 (2009).

█ In determining that the settlement here is fair, the court considered the following factors: (i) the Settlement Agreement will result in a gross payment to the qualified claimants amounting to eighty-five percent of the amount of unpaid accrued and accumulated back pay subject to *Adams II;* (ii) the Settlement Agreement was reached after extensive arm's-length negotiation carried out by experienced class counsel, and after the parties had conducted extensive discovery to determine that the benefits of settlement outweighed the costs and risks of continued litigation; (iii) no class members have objected to the Settlement Agreement after receiving notification of its terms; (iv) individual recoveries will be uniformly calculated and proportionally distributed based on a detailed analysis of each class member's individual pay and leave records, instead of a distribution of equal shares; and (v) the attorneys' fees constitute 30% of the settlement amount, are reasonable and proportionate to market rates, and are to be paid from the common settlement fund.

For these reasons, the court has determined that the Settlement Agreement is fair, reasonable and adequate and warrants approval. Therefore, Plaintiffs' September 26, 2012 Unopposed Motion For Settlement Final Approval and Plaintiffs' August 14, 2012 Unopposed Motion For Attorneys' Fees, Nontaxable Costs, And Expenses Of Administration are granted.

**IT IS SO ORDERED.**