# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
SHARON RAULERSON, et al.,                 *
For themselves and as representatives     *     No. 10-193L
of a class of similarly situated persons, et al.,  *
                                          *
            Plaintiffs,                   *     (Filed: February 14, 2013)
                                          *
      v.                                  *
                                          *     Rails-to-trails class action; approval
THE UNITED STATES OF AMERICA,             *     of settlement and attorney's fees.
                                          *
            Defendant.                    *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Thomas S. Stewart* and *Elizabeth McCulley*, Baker Sterchi Cowden & Rice, L.L.C., Kansas City, MO, for plaintiffs.

*Kristine S. Tardiff*, United States Department of Justice, Environment & Natural Resources Division, Concord, NH, with whom was *Ignacia S. Moreno*, Assistant Attorney General, for defendant.

## OPINION

MARGOLIS, *Senior Judge*.

This matter comes before the Court on the parties' Joint Proposed Settlement, filed November 27, 2012, and Plaintiffs' Unopposed Motion for Court Approval of Fees and Proposed Division of the Common Fund, filed November 28, 2012. The Court preliminarily approved the settlement on December 6, 2012 and held a Fairness Hearing on the settlement and plaintiffs' fee motion on January 17, 2013. The Court now finds that the settlement is fair, reasonable, and adequate under RCFC 23(e)(2), and that Class Counsels' requested fees and costs are reasonable under RCFC 23(h). Thus, it approves the settlement and grants plaintiffs' fee motion.

### I. BACKGROUND

Plaintiff Sharon Raulerson filed this "rails-to-trails" class action on March 31, 2010, claiming that defendant United States effected a taking of her and the other class members' property requiring just compensation under the Fifth Amendment of the United States Constitution, when in May 2009, pursuant to 16 U.S.C. § 1247(d), the Surface Transportation

Board ("STB") imposed an easement for a public recreational trail on their land, previously encumbered by a railroad easement, in Beaufort County, South Carolina. The Court certified the action as a class action on July 21, 2010, and the parties then engaged in discovery, settlement negotiations, and a joint appraisal process to determine the class members' damages. On November 27, 2012, the parties filed their Joint Proposed Settlement, under which defendant agrees to pay the 260 member class $28,796,724.70 for the aggregate fair market value of the property interest alleged taken, $3,019,688.84 for prejudgment interest, and $1,475,000.04 for attorney's fees and $225,000 for costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), 42 U.S.C. § 4654(c), for a total of $33,516,413.58.

On November 28, 2012, plaintiffs filed their separate fee motion. Class Counsel request that the Court award them as fees, 33% of a $33,291,413.58 "common fund" consisting of all of defendant's payments, except for the $225,000 for costs, which Class Counsel will also retain. Under this approach, Class Counsels' total award is $10,986,166.48 in fees and $225,000 in costs, leaving the class with $22,305,247.10. In support, Class Counsel state that they have repeatedly advised each class member of their fee since the beginning of this litigation, that they expended significant resources and assumed considerable risk in litigating this case, and that they would not have taken this case on a contingency fee basis without the expectation that they would receive 33% of the common fund if successful.

On December 6, 2012, the Court granted preliminary approval to the settlement and approved a detailed notice advising the class members of the settlement and fee motion. Class Counsel then served the notice on the class, and 259 of the 260 members affirmatively consented, with no members objecting or requesting to speak at the Fairness Hearing. (Transcript of January 17, 2013 Proceedings ("Transcript") at 6-8.) On January 17, 2013, the Court held a Fairness Hearing, at which no class members raised objections. The parties now request that the Court grant the settlement final approval, and Class Counsel now request that the Court grant plaintiffs' fee motion.

## II. ANALYSIS

### A. The Parties' Settlement

Under RCFC 23(e)(2), the Court may only approve a class action settlement if it finds that it is "fair, reasonable, and adequate." In applying this standard, the Court must assess the strengths and weaknesses of the parties' positions, but should not decide the merits of the case or resolve unsettled legal questions. *Dauphin Island Property Owners Association, Inc. v. United States*, 90 Fed. Cl. 95, 102 (2009). While there is no definitive list of factors that the Court must apply, it has found the following six instructive:

1. The relative strengths of plaintiffs' case compared to the proposed settlement;

2. The recommendation of class counsel, taking into account the adequacy of class counsels' representation;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

5. The fairness of the provision for attorney's fees; and

6. The ability of the defendant to withstand greater judgment, taking into account whether the defendant is a governmental actor or private entity.

*Sabo v. United States*, 102 Fed. Cl. 619, 626-627 (2011); *Dauphin*, 90 Fed. Cl. at 102-103. The Court has considerable discretion as to what weight to afford each factor in the factual context of the case before it, and settlement is always favored. *Sabo*, 102 Fed. Cl. at 627; *Dauphin*, 90 Fed. Cl. at 102. As set forth below, the majority of these factors favor approval. Thus, the Court finds that that the Joint Proposed Settlement is fair, reasonable, and adequate, and approves it under RCFC 23(e)(2).

1. The Relative Strengths of Plaintiffs' Case Compared to the Proposed Settlement.

Because the parties proceeded to settlement negotiations without developing an extensive record on the merits, the Court cannot assess the class members' likely recovery at trial. However, the Court notes that all litigation carries risk, and that the settlement requires defendant to pay all 260 class members the full value of their damages (as determined by joint appraisal), as well as substantial prejudgment interest, and statutory attorney's fees and costs. Thus, this factor favors approval.

2. The Recommendation of Class Counsel, Taking into Account the Adequacy of Class Counsels' Representation.

"[T]he professional judgment of plaintiff's counsel is entitled to considerable weight in the court's determination of the overall adequacy of the settlement.'" *Dauphin*, 90 Fed. Cl. at 104 (quoting *National Treasury Employees Union v. United States*, 54 Fed. Cl. 791, 797 (2002)). Here, Class Counsel recommend settlement after effectively advocating on behalf of the class for nearly four years by: (1) bringing suit initially on behalf of Sharon Raulerson; (2) successfully moving the Court to certify the class; (3) enrolling the opt-in class members and rigorously validating their claims, as evidenced by the fact that defendant did not challenge any class member's title; (4) successfully moving the Court to order that the parties measure the class members' damages by reference to each property's value in fee simple rather than encumbered with a railroad easement; and (5) overseeing an extensive joint appraisal process. Additionally,

the Court has at all times found Class Counsel to be experienced, knowledgeable, and capable. Thus, this factor favors approval.

3.  The Reaction of the Class Members to the Proposed Settlement, Taking into Account the Adequacy of Notice to the Class Members of the Settlement Terms.

The fact that only a small number of class members object to a proposed settlement strongly favors approval. *Dauphin*, 90 Fed. Cl. at 104. Here, Class Counsel served a detailed notice on the class, and 259 of the 260 members affirmatively consented, with no members objecting. Thus, this factor favors approval.

4.  The Fairness of the Settlement to the Entire Class.

A settlement meets this factor if its relief is "uniformly available, yet simultaneously tailored to distinct groups within the class." *Sabo*, 102 Fed. Cl. at 629 (quoting *Berkley v. United States*, 59 Fed. Cl. 675, 711 (2004)). Here, relief is available to all class members, and the joint appraisers took each property's individual characteristics into account in determining damages. Thus, this factor is met, and it favors approval.

5.  The Fairness of the Provision for Attorney's Fees.

To meet this factor, the settlement's attorney's fees must be reasonable. *Dauphin*, 90 Fed. Cl. at 106. Here, the settlement provides for $1,475,000.04 in fees[1] and $225,000 in costs under the URA, 42 U.S.C. § 4654(c), which provides that when settling a takings claim, the Attorney General shall determine and include reasonable attorney's fees.[2] In evaluating such awards, the Attorney General's opinion is entitled to deference, and the Court does not conduct the same in-depth analysis as it would if it were rendering the award. *Moore v. United States*, 63 Fed. Cl. 781, 785 n.6 (2005). Thus, the Court need not calculate the URA award with mathematical precision; it is enough that the award is a reasonable approximation of the amount due under the statute. *Id.* at 785. Where the actual award is distinctively higher than the amount that would have been due under the URA, this suggests that it might have unduly influenced the

---

[1]     The Court considers Class Counsels' request for fees in the amount of 33% of the common fund separately below, *see* discussion *infra* Part II.B, as it is not part of plaintiffs' settlement agreement with defendant. *See Moore v. United States*, 63 Fed. Cl. 781, 785-786 (2005).

[2]     42 U.S.C. § 4654(c) provides in full:

>   Claims against United States
>
>   The court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of title 28, awarding compensation for the taking of property by a Federal agency, or the Attorney General effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

other parts of the settlement; however, where the actual award is lower, it is generally reasonable. *See id.*

The "lodestar" figure is the lynchpin for calculating the fee part of the URA award, and is derived by multiplying the hours reasonably expended in litigating the claim times the attorneys' reasonable hourly rates. *Id.* Here, Class Counsel state that if they had taken the case under an hourly-rate billing arrangement, they would have already charged the class $2,500,000 in fees. This amount approximates Class Counsels' lodestar fee, and since the actual URA award, even with the $225,000 in costs, is significantly lower, it is unlikely to have unduly influenced the settlement on the merits and is therefore reasonable. Thus, this factor favors approval.

6. <u>The Ability of Defendant to Withstand Greater Judgment, Taking into Account Whether Defendant is a Governmental Actor or Private Entity.</u>

Although the government can "theoretically 'always withstand greater judgment because of Congress's ability to tax,' it would ultimately fall to the taxpayers to provide the necessary funds." *Dauphin*, 90 Fed. Cl. at 106 (quoting *Berkley*, 59 Fed. Cl. at 713). Thus, this factor has little relevance here.

**B. Plaintiffs' Fee Motion**

RCFC 23(h) allows the Court to award "reasonable" attorney's fees and nontaxable costs. In doing so, the Court has in the past followed the common fund approach that Class Counsel now advocate. *Quimby v. United States*, 107 Fed. Cl. 126, 132-135 (2012); *Moore*, 63 Fed. Cl. at 785-790. For example, in *Moore*, class counsel requested that the Court award expenses and 40% of a common fund holding the rest of the recovery, which included damages, interest, and the URA award. *Moore*, 63 Fed. Cl. at 786. The Court, finding that 40% was a relatively high rate to apply to a common fund including statutory fees, instead awarded fees amounting to 34% of the common fund, in addition to the expenses – thus adopting the very approach that Class Counsel advocate here, except with a 34% fee in *Moore*. *Id*. at 789; *but see Voth Oil Company v. United States*, No. 04-1514, 2012 U.S. Claims LEXIS 1639, at *16 (December 20, 2012) (Class counsel "may not receive both the full value of the statutory fee as well as the full value of their contingent fee … [and this] principal … requires that [class] counsel cannot apply their contingent fee to a 'net award' that includes the attorneys' fees received from the government based on the URA's 'fee-shifting' provision.")[3]

---

[3]      In our case, Class Counsel are not requesting both the *full* value of the statutory fee and the *full* value of the contingent fee; they are requesting the full value of the contingent fee, which includes 33% of the value of the $1,475,000.04 statutory fee (or $486,750.01). Also, *Voth* involved a different attorney's fee arrangement, which provided that class counsel would give the class members a "dollar-for-dollar credit" for any fees recovered. *See id.* at *6-7.

As with evaluating the settlement, there is no definitive list of factors that the Court must apply in determining what percentage of the common fund is reasonable; however, the following seven are instructive:

1. The quality of counsel;

2. The complexity and duration of the litigation;

3. The risk of nonrecovery;

4. The fee that likely would have been negotiated between private parties in similar cases;

5. Any class members' objections to the settlement terms or fees requested by class counsel;

6. The percentage applied in other class actions; and

7. The size of the award.

*Quimby*, 107 Fed. Cl. at 133; *Moore*, 63 Fed. Cl. at 787 (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 14.121). Again, the Court has considerable discretion in the factual context of the case before it. *Moore*, 63 Fed. Cl. at 786. As set forth below, the majority of these factors favor Class Counsels' requested fees. Thus, under these factors, and following *Moore*, the Court finds that Class Counsels' requested fees and costs are reasonable and grants Plaintiffs' Unopposed Motion for Court Approval of Fees and Proposed Division of the Common Fund.

1. The Quality of Counsel.

As discussed above, the quality of Class Counsels' representation was more than adequate. *See* discussion *supra* Part II.A.2. Thus, this factor favors Class Counsels' requested fees.

2. The Complexity and Duration of the Litigation.

This litigation has lasted nearly three years and has involved 260 class members with claims for approximately 300 separate properties; complex valuation issues, one of which necessitated a Court ruling;[4] and an aggregate alleged taking of $28,796,724.70. (Transcript at 4; Pls.' Mot. for Fees at 6.) Thus, this factor favors Class Counsels' requested fees.

---

[4] *See Raulerson v. United States*, 99 Fed. Cl. 9 (2011).

3. The Risk of Nonrecovery.

As discussed above, the Court does not have an adequate record to determine the risk of nonrecovery. *See* discussion *supra* Part II.A.1. However, it notes that all litigation carries risk, and that if plaintiffs had lost, Class Counsel would not have received any reimbursement for the 5,000 hours of labor and $225,000 in costs that they expended over the course of nearly four years. (Pls.' Mot. for Fees at 12, 14.) Thus, this factor favors Class Counsels' requested fees.

4. The Fee that Likely Would Have Been Negotiated Between Private Parties in Similar Cases.

The Court does not have an adequate record to determine what fee likely would have been negotiated by other private parties, but notes that Class Counsels' 33% fee is in line with the rates awarded in similar common fund cases. *See* discussion *infra* Part II.B.6. Thus, this factor favors Class Counsels' requested fees.

5. Any Class Members' Objections to the Settlement Terms or Fees Requested by Class Counsel.

As with the settlement, a nearly unanimous positive reaction to the fee request is highly relevant. *Quimby*, 107 Fed. Cl. at 134. Here, Class Counsel served a detailed notice on the class, and 259 of the 260 members affirmatively consented, with no members objecting. Thus, this factor favors Class Counsels' requested fees.

6. The Percentage Applied in Other Class Actions.

Awards in other class action settlements with common funds typically range between 20% to 30% of the fund, with 50% being the upper limit. *Moore*, 63 Fed. Cl. at 787 (citing *National Treasury*, 54 Fed. Cl. at 807; MANUAL FOR COMPLEX LITIGATION (FOURTH) § 14.121 n.488; 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 14:6 (4th ed. 2002)); *see also Quimby*, 107 Fed. Cl. at 133 (finding 30% to be within the acceptable range). As discussed above, *Moore* awarded 34% of a similar common fund. *See* discussion *supra* Part II.B. Thus, Class Counsels' requested 33% rate is within the acceptable range, and this factor favors Class Counsels' requested fees.

7. The Size of the Award.

Here, the size of the award, $10,986,166.48 in fees, and $225,000 in costs, is large, but so is the class members' total recovery of $22,305,247.10. Thus, this factor neither favors nor disfavors Class Counsels' requested fees.

7

## III. CONCLUSION

The Court approves the parties' Joint Proposed Settlement and grants Plaintiffs' Unopposed Motion for Court Approval of Fees and Proposed Division of the Common Fund. The parties shall disburse payments as agreed in the settlement and outlined in the fee motion, and shall file a notice of compliance once payment is complete.  The Clerk shall enter judgment accordingly.

s/ Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims