# In the United States Court of Federal Claims

No. 09-241L
(Filed: February 22, 2017)
NOT FOR PUBLICATION

| | | |
|---|---|---|
| STEVEN JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Preliminary Approval; Rails to Trails; |
| v. | ) | Class Action |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND NOTICE PLAN AND SCHEDULING PUBLIC FAIRNESS HEARING

Pending before the court in this rails-to-trails class action is the parties' joint motion for preliminary approval of a proposed settlement for the 26 of the 27 class members remaining in this case and proposed notice plan pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC").

This case arises from the conversion of a railroad corridor in Dallas County, Iowa to a recreational trail. In *Jenkins v. United States*, 104 Fed. Cl. 641 (2009), the court granted plaintiffs' motion to certify the class (ECF No. 23, filed Nov. 13, 2009). Following this court's determination of liability and a trial on compensation, the Federal Circuit found that the appraiser should have taken into account the physical remnants of the railroad when determining the value of each landowner's property before the taking occurred. *See Rasmuson v. United States*, 807 F.3d 1343, 1344 (Fed. Cir. 2015). On remand, the parties determined that the Federal Circuit's decision potentially affected 27 class members. The parties now propose to settle this case for 26 of those 27 class members, including principal amounts for the value of the land allegedly taken, interest at varying rates compounded annually since the date of taking, and statutory attorneys' fees and costs.

Based upon a review of the parties' proposed class action settlement and notice plan, the parties' joint motion for preliminary approval of the proposed settlement and notice plan is **GRANTED**. The court **ORDERS** as follows:

## A. Proposed Class Action Settlement

Under RCFC 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2). Before determining whether to grant final approval of the proposed settlement, this court typically first reviews the proposed settlement for a preliminary fairness evaluation, directs class counsel to provide notice of the settlement to the class, and holds a fairness hearing. *See Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009).

The parties' proposed settlement agreement was filed with the court on February 7, 2017 (ECF No. 236). The parties state that on remand, they reexamined the properties and calculated adjustments to previously appraised values to reflect the physical condition of the railroad corridor and conducted settlement discussions to resolve the claims based on those adjusted figures and other information concerning the properties. *See* ECF No. 238 at 2-3 (Joint Status Report filed Feb. 21, 2017). Under the proposed settlement, the 26 settling class members would receive a total of $1,527,231.55, of which $561,037.13 is principal for the value of the land at issue, $429,891.71 is accrued interest as of April 1, 2017, and $536,302.71 is attorneys' fees and costs of pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §4654(c) ("URA").

At this stage, "[i]n deciding whether a settlement falls within the range of approval, courts have considered a variety of factors, among them: (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies." *Barnes*, 89 Fed. Cl. at 670. Upon review of the proposed settlement agreement, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement. The court therefore preliminarily approves the proposed settlement agreement.

## B. Notice Plan and Forms

When parties propose to resolve a certified class's claims through settlement, RCFC 23(e) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." RCFC 23(e)(1). A notice of settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)), *cert. denied*, 136 S. Ct. 2509 (2016). The Federal Circuit has found that this principle "is equally applicable in the context of the provision of additional information." *Id.* at 1349 (citing *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197 (5th Cir. 2010)). Thus, in order to satisfy

2

constitutional requirements and RCFC 23(e), "class counsel, either by notice or the method by which additional information is provided, must provide 'all necessary information for any class member to become fully apprised and make any relevant decisions.'" *Id.* (citing *Katrina*, 628 F.3d at 198; *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005)). "[W]hat constitutes 'necessary information' depends on the particular circumstances of the proposed settlement." *Id.* (citing *Wal-Mart Stores*, 396 F.3d at 114).

The parties propose to use the notice and forms approved by the court on January 23, 2017 (ECF No. 233). Consistent with the court's January 23, 2017 order, the court finds that the approved notice is reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them opportunity to comment on or object to the proposed settlement in advance of the fairness hearing. A copy of the approved notice and forms is attached to this order.

The parties shall provide the attached approved notice via U.S. mail for each member of the opt-in class, and do not need to provide additional notice by publication. The parties shall abide by the following notification schedule:

1. Class counsel shall mail the approved notice and forms to class members by **March 3, 2017**. The court has attached a copy of the approved notice and forms to this order.

2. The 30-day notice period shall begin on **March 3, 2017** and shall close on **April 3, 2017**.

3. The approved notice will be mailed to the opt-in class members, along with the attached forms that will allow class members to submit comments and request to speak at the fairness hearing in advance of the hearing. Class counsel will serve the government with copies of all comments and requests to speak at the fairness hearing, and file copies of the same with the court, no later than **April 7, 2017.**

C.      **Fairness Hearing**

The court hereby **SCHEDULES** a fairness hearing to take place on **Friday, April 14, 2017 at 2:00 PM eastern time**. The fairness hearing shall be held over the phone. The court will provide call-in information to the parties and any participating class members in advance of the hearing.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

3