# In the United States Court of Federal Claims

No. 09-241L
(Filed: April 26, 2017)
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| STEVEN JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Rails to Trails; Class Action; Final |
| v. | ) | Approval of Settlement Agreement; |
| | ) | Partial Final Judgment; RCFC 54(b) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING FINAL APPROVAL OF PROPOSED
## CLASS ACTION SETTLEMENT

Pending before the court in this rails-to-trails class action is the parties' request for final approval of a proposed settlement for 26 of the 27 class members remaining in this case pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC").

Based upon a review of the parties' proposed class action settlement, and for the reasons below, the parties' request for final approval of the proposed settlement is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from the conversion of a railroad corridor in Dallas County, Iowa to a recreational trail. In *Jenkins v. United States*, 104 Fed. Cl. 641 (2009), the court granted plaintiffs' motion to certify the class (ECF No. 23, filed Nov. 13, 2009). Following this court's determination of liability and a trial on compensation, the Federal Circuit found that the appraiser should have taken into account the physical remnants of the railroad when determining the value of each landowner's property before the taking occurred. *See Rasmuson v. United States*, 807 F.3d 1343, 1344 (Fed. Cir. 2015). On remand, the parties determined that the Federal Circuit's decision potentially affected 27 class members. On April 26, 2017, the court divided the certified class into two subclasses for settlement purposes (ECF No. 249). The parties propose to settle this case for one of two subclasses, which consists of 26 of the 27 remaining class members, including principal amounts for the value of the land allegedly taken, interest at varying rates compounded annually since the date of taking, and statutory attorneys' fees and costs.

The parties state that on remand, they reexamined the properties and calculated adjustments to previously appraised values to reflect the physical condition of the railroad corridor and conducted settlement discussions to resolve the claims based on those adjusted figures and other information concerning the properties. *See* ECF No. 238 at 2-3 (Joint Status Report filed Feb. 21, 2017). The parties state that following the Federal Circuit's decision in *Rasmuson*, 807 F.3d at 1343, the parties generally utilized this court's prior findings on land values, based on per acre values in the before condition, and then considered a variety of adjustments to the original calculations concerning the cost to reclaim. The government's appraiser reexamined the parcels and recalculated a cost to reclaim and plaintiffs' appraiser reviewed the government's calculations and advised class counsel concerning those calculations. The parties note that they still have differences of opinion concerning whether each parcel would actually be reclaimed, the extent of the reclamation, and the appropriate methodology to calculate the cost to actually reclaim it, depending on individual characteristics of each parcel. In addition to topographical issues, the parties considered property values per acre and point rows or other severance damages in order to determine whether a settlement could be reached or whether additional appraisals or a new trial would be required. The ultimate settlement amounts were negotiated over an extensive period of time.

The parties' proposed settlement agreement was filed with the court on February 7, 2017. *See* ECF No. 236. Under the proposed settlement, the 26 settling class members in subclass I would receive a total of $1,527,231.55, of which $561,037.13 is principal for the value of the land at issue, $429,891.71 is accrued interest as of April 1, 2017, and $536,302.71 is attorneys' fees and costs of pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §4654(c) ("URA").[1]

---

[1] The parties state that the proposed settlement agreement contains a misstatement regarding the amount for attorneys' fees and costs. *See* ECF No. 238 at 3-4. The parties provided in the signed settlement agreement that the amount the United States agrees to pay in attorneys' fees and costs "includes the $397,139.92 in attorneys' fees and $64,587.53 in costs awarded in the Court's December 21, 2015 Rule 54(b) Judgment that have not yet been paid." ECF No. 236 ¶ 6. On April 17, 2014, the court entered a judgment that included $1,023,556.50 for attorneys' fees and $166,462.72 in costs. *See* ECF No. 191. As noted above, following the Federal Circuit's decision in *Rasmuson*, 807 F.3d at 1343, the parties determined that a number of class members were not impacted by the Federal Circuit opinion and those class members' claims were resolved in a RCFC 54(b) judgment entered on December 21, 2015, which included statutory attorneys' fees of $626,416.58 in attorneys' fees and $101,875.19 for costs. *See* ECF No. 205. The parties state that the December 21, 2015 RCFC 54(b) judgment has been satisfied. *See, e.g.*, ECF No. 238 at 3-4. The parties further state that following the satisfaction of the December 21, 2015 RCFC 54(b) judgment, there remained $397,139.82 in fees and $64,587.54 in costs from the court's April 17, 2014 judgment. *See id.* The parties state that the proposed settlement in this case includes the outstanding fees and costs from the April 17, 2014 judgment plus statutory fees and costs accruing from August 6, 2015 (the date of the Federal Circuit's opinion) through July 15, 2016 (when the final settlement was reached on a tentative basis for the 26 class members). *See id.*

On April 26, 2017, the court granted the government's motion to divide the certified class for settlement purposes (ECF No. 247), filed April 21, 2017. The court certified two subclasses: one subclass consisting of the 26 claimants subject to the parties' Joint Motion for Preliminary Approval of Proposed Class Acton Settlement and Proposed Notice Plan (ECF No. 234), filed February 3, 2017 ("subclass I"); and a second subclass consisting of the one remaining claimant, the Ronald K. Bender Revocable Trust ("subclass II").

## II.    DISCUSSION

Under RCFC 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2); *see also Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016), *cert. denied*, 136 S. Ct. 2509 (2016). The court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement, nor may it decide the merits of the case or resolve unsettled legal questions. *Adams v. United States*, 107 Fed. Cl. 74, 75-76 (2012) (citing *Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986); *Nat'l Treasury Emps. Union v. United States*, 54 Fed. Cl. 791, 797 (2002)).

There is no definitive list of factors that the court must apply in considering a class action settlement. *Raulerson v. United States*, 108 Fed. Cl. 675, 677 (2013). However, in determining whether a settlement agreement is "fair, reasonable, and adequate," courts have found the following factors instructive:

1. The relative strengths of plaintiff's case compared to the proposed settlement;

2. The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsel's representation of the class;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

5. The fairness of the provision for attorney fees; and

6. The ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or private entity.

*E.g.*, *Sabo v. United States*, 102 Fed. Cl. 619, 627 (2011) (quotation marks and citation omitted).

3

As discussed in the court's February 22, 2017 order granting preliminary approval of the proposed settlement agreement (ECF No. 241), the court does not find any evidence of collusive activity, preferential treatment, or other deficiencies in the proposed settlement. In this case, in reaching the proposed settlement agreement, the parties conducted discovery, a thorough joint appraisal of the fair market value of class members' property interests for the alleged taking, and negotiations indicating no preferential treatment or other deficiencies. *See* ECF No. 238 at 2-3.

Class counsel represents that all 26 plaintiffs in subclass I have affirmatively consented to the settlement, there are no objections or comments of any kind, and no class members requested to participate in or speak at the fairness hearing. At the April 14, 2017 fairness hearing, no class members participated or spoke.

In addition, consistent with the Federal Circuit's decision in *Haggart*, 809 F.3d at 1359, the proposed agreement does not provide for plaintiffs' attorneys' fees to be paid out of the settlement proceeds under the "common fund" doctrine. *See also Sabo*, 102 Fed. Cl. at 630; *Barnes v. United States*, No. 04-1335C, 2010 WL 1904503, at *2 (Fed. Cl. May 7, 2010).

In view of the foregoing, the court finds that the parties' settlement agreement is fair, reasonable, and adequate and warrants approval.

## III. CONCLUSION

For the reasons above, the parties' proposed settlement agreement for the subclass I plaintiffs is **APPROVED**. Pursuant to RCFC 54(b), because there is no just reason for delay, the clerk is directed to enter judgment for the subclass I plaintiffs in the amounts of $561,037.13 in principal and $429,891.71 in interest through April 1, 2017 apportioned among the subclass I plaintiffs as shown in the table accompanying the attached approved settlement agreement. Interest shall be payable on these amounts at a daily rate of $90.77, beginning on April 2, 2017, until the date the judgment is paid. In addition, the clerk is directed to enter judgment for the subclass I plaintiffs in the amount of $74,574.35 for attorneys' fees and costs pursuant to the URA.[2]

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[2] This amount is equal to $536,301.71 as agreed to in the approved settlement agreement minus $397,139.82 in fees and $64,587.54 in costs awarded in the court's April 17, 2014 judgment which have not yet been paid. *See* ECF No. 238 at 3-4.

4